IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:24-cv-00306-MR-WCM

| | |
|---|---|
| TRACEY L. KOPPLIN and<br>JOHN C. KOPPLIN,<br><br>      Plaintiffs,<br><br>v.<br><br>SUGAR MOUNTAIN RESORT, INC.,<br><br>      Defendant. | MEMORANDUM AND<br>RECOMMENDATION |

This matter is before the Court on Defendant's Motion to Dismiss in lieu of Answer and Motion for More Definite Statement (the "Motion to Dismiss," Doc. 9) which has been referred to the undersigned pursuant to 28 U.S.C. § 636 for the entry of a recommendation.

I.    Relevant Procedural History

On December 20, 2024, Tracey L. Kopplin ("Mrs. Kopplin") and John C. Kopplin ("Mr. Kopplin") (collectively, "Plaintiffs"), appearing *pro se*, filed their original Complaint against Sugar Mountain Resort, Inc. ("Defendant") seeking damages associated with injuries Mrs. Kopplin sustained on December 31, 2021. Doc. 1.

On December 30, 2024, the presiding District Judge found the Complaint to be insufficient because it did not include Plaintiffs' wet (ink) signatures and

1

directed Plaintiffs to file a properly signed Complaint within fourteen (14) days (the "Deficiency Notice," Doc. 2 at 1).

On January 3, 2025, an Amended Complaint, signed by both Plaintiffs, was docketed. Doc. 3.

On February 18, 2025, Defendant filed the Motion to Dismiss. Docs. 9, 10, 10-1. Plaintiffs responded (Doc. 16) but Defendant has not replied and the deadline to do so has expired.

## II. Plaintiffs' Allegations

Plaintiffs and their two daughters visited Sugar Mountain Resort on December 29, 2021, participated in a group ski lesson, and, during that lesson, completed several successful runs on the "bunny hill." After the lesson ended, they practiced several more times on the bunny hill. Doc. 3 at ¶ 5. Then, the Kopplin family took the ski lift to the top of a slope called "Easy Street." They skied down this slope once without incident and did not observe any hazards. Id. at ¶ 6.

The Kopplin family returned to Sugar Mountain Resort on December 31, 2021 and, after purchasing lift tickets and renting equipment, again went to Easy Street. Id. at ¶ 7.

Plaintiffs did not see any signage warning skiers of hazardous conditions on Easy Street and expected the conditions on the slope to be the same as during their previous visit. Id. at ¶ 9.

2

However, Easy Street was more crowded that day and an unmarked hazard two-thirds of the way down forced skiers to the right and left sides of the slope, and to ski dangerously close to one another. Id. at ¶10.

On her first pass down East Street, roughly two-thirds of the way down, Mrs. Kopplin observed large patches of brown/black areas with no snow in the center of the slope. Id. at ¶ 13.

As she approached the patches, Mrs. Kopplin determined that the areas were rock beds and skied to the left of them; the majority of other skiers near Mrs. Kopplin also took this route. Id. at ¶ 14.

Mrs. Kopplin "partially lost control" and "was barely able to regain enough control to manage to avoid" hitting the hazard and crashing into other skiers. Id. at ¶ 16.

Almost immediately thereafter, one of her daughters ("Mrs. Kopplin's Daughter") struck Mrs. Kopplin, which resulted in Mrs. Kopplin falling and fracturing her wrist. Id. at. ¶¶ 17, 19, 27.

### III. Discussion

Mrs. Kopplin has brought a claim for negligence and Mr. Kopplin has brought a claim for loss of consortium.

Defendant moves to dismiss both claims or, in the alternative, requests that Plaintiffs be required to provide a more definite statement.

3

Case 1:24-cv-00306-MR-WCM   Document 17   Filed 08/12/25   Page 3 of 12

## A. Failure to State a Claim

### 1. Legal Standard—Rule 12(b)(6)

When considering a motion made pursuant to Rule 12(b)(6), the court accepts the allegations in the complaint as true and construes them in the light most favorable to the plaintiff. See Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 253 (4th Cir. 2009); Francis v. Giacomelli, 588 F.3d 186, 192 (4th Cir. 2009).

The court, however, is not required to accept "legal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement." Consumeraffairs.com, 591 F.3d at 255; see Giacomelli, 588 F.3d at 192. That is, while "detailed factual allegations" are not required, the complaint must contain "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007); see also Consumeraffairs.com, 591 F.3d at 255. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); accord Consumeraffairs.com, 591 F.3d at 255. In short, the well-pled factual allegations must move a plaintiff's claim from conceivable to plausible. Twombly, 550 U.S. at 570; Consumeraffairs.com, 591 F.3d at 256.

4

### 2. Statute of Limitations

The parties agree that Plaintiffs' claims are governed by a three-year statute of limitations. See N.C.G.S. § 1-52(16).

Defendant acknowledges that the original Complaint was filed within this three-year period but contends that, because the Amended Complaint was filed after the expiration of the three-year period, Plaintiffs' claims are untimely.

As described above, the Amended Complaint was filed in response to the Deficiency Notice. Other than Plaintiffs' original signatures, the Amended Complaint appears to be identical to the original Complaint.

Under these circumstances, the undersigned is not persuaded that Plaintiffs' claims are time-barred. See McGraw v. Gore, 31 F.4th 844, 853 (4th Cir. 2022) (explaining that Rule 11(a) provides that "prompt correction" of a *pro se* plaintiff's failure to sign a pleading "will obviate any need to strike the pleading" and finding that an unsigned original complaint filed before the expiration of a statute of limitations and that was corrected within the timeframe provided by the district court but after the expiration of the statute of limitations was timely).

### 3. Loss of Consortium Claim

Defendant argues that Mr. Kopplin's loss of consortium claim should be dismissed because "the Kopplins do not plead the date of their marriage and,

5

upon information and belief, Mr. Kopplin and Mrs. Kopplin were not married to each other on December 31, 2021 and did not marry until 2024." Doc. 10 at 7–8.

In response, Plaintiffs point out that the Amended Complaint alleges that "[a]t all material times, Plaintiffs were married to each other and living together as husband and wife." Doc. 3 at ¶ 40.

### B. Failure to Join an Indispensable Party

Defendant also contends that Mrs. Kopplin's Daughter was the sole tortfeasor responsible for Plaintiffs' injuries and, because Plaintiffs "seek complete recovery" from Defendant for the actions of Mrs. Kopplin's Daughter, Plaintiffs' failure to join Mrs. Kopplin's Daughter has unfairly prejudiced Defendant. Doc. 10 at 4.

This position appears to conflate an argument under Rule 12(b)(7) with an argument under Rule 12(b)(6); Defendant contends that Plaintiffs' claims should be dismissed because Mrs. Kopplin's Daughter is an indispensable party who has not been joined, but, at the same time, asserts that Mrs. Kopplin's Daughter is the only tortfeasor here such that Plaintiffs cannot recover from Defendant.

To the extent Defendant is attempting to argue that Mrs. Kopplin's Daughter should have been joined, Defendant has not submitted any caselaw to support the proposition that an unnamed party who a defendant believes to

6

be the sole tortfeasor should be considered a necessary and indispensable party under Rule 19. See e.g., Nat'l Union Fire Ins. Co. of Pittsburgh, Pa. v. Rite Aid of S.C., Inc., 210 F.3d 246, 250 (4th Cir. 2000) ("Dismissal of a case [for nonjoinder] is a drastic remedy ... which should be employed only sparingly") (quoting Teamsters Local Union No. 171 v. Keal Driveway Co., 173 F.3d 915, 918 (4th Cir. 1999)); Ledoux v. SubCom, LLC, No. CV RDB-24-2168, 2025 WL 1899682, at *6 (D. Md. July 9, 2025) (stating the "general rule" that it "'is not necessary for all [alleged] joint tortfeasors to be named as defendants in a single lawsuit'") (quoting Temple v. Synthes Corp. Ltd., 498 U.S. 5, 7 (1990) and citing, *inter alia*, Austin v. Unarco Indus., Inc., 705 F.2d 1, 5 (1st Cir. 1983) ("Joint tortfeasors are not considered indispensable parties under federal law")).

The primary focus of Defendant's argument, however, appears to be on causation, not joinder. Specifically, Defendant contends that Plaintiffs cannot obtain relief from it because the actions of Mrs. Kopplin's Daughter—not Defendant—were the proximate cause of Plaintiffs' injuries.

As support for this position, Defendant cites Freeman v. Sugar Mountain Resort, Inc., 351 N.C. 184 (1999). In that case, the plaintiff, while night skiing, was struck by another skier who jumped into him from a makeshift ramp that was not on the ski slope itself. The trial court granted summary judgment for the defendant but, on appeal, a majority of a panel of the North Carolina Court

7

of Appeals reversed, finding that genuine issues of material fact existed and precluded the entry of summary judgment.

Writing in dissent, Judge John B. Lewis, Jr. disagreed, finding that the evidence was not sufficient to demonstrate that the defendant had breached any duty to the plaintiff and, more importantly for present purposes, that the plaintiff's evidence that the defendant's alleged negligence proximately caused the plaintiff's injury was insufficient. Specifically, Judge Lewis found that as a matter of law, any negligence by the defendant was not the proximate cause of the plaintiff's injury because, though "it was possible for a person or persons to pack snow into a makeshift ramp off the slope and jump from it into other skiers on the slope itself," the accident was not reasonably foreseeable. Freeman v. Sugar Mountain Resort, Inc., 134 N.C. App. 73, 79, rev'd, 351 N.C. 184 (1999).

The North Carolina Supreme Court later reversed for the reasons stated by Judge Lewis.

The instant case, though, does not present the same scenario that was considered in Freeman. It is true that Mrs. Kopplin, like the plaintiff in Freeman, suffered injuries after being struck by another skier. However, in this case, Plaintiffs have made allegations regarding Defendant's own negligence, including that snowless areas existed in the middle of Easy Street, that Defendant should have warned skiers of this hazard with signage, and

8

that Defendant should have "marked the dangerous hazard; with orange traffic cones or orange plastic fencing, for example, so skiers could see it soon enough to safely avoid" the area. Doc. 3 at ¶ 15. See e.g., Strawbridge v. Sugar Mountain Resort, Inc., 320 F. Supp. 2d 425, 435 (W.D.N.C. 2004) ("the Court has previously determined that Sugar Mountain knew to cover bare spots and to post warning signs. There is no evidence that they attempted to cover this bare spot or posted any warning signs on the slope. Therefore, based on its previous holding in [Poole v. Sugar Mountain Resort, Inc., No. Civ. 1:98CV231, 1999 WL 33321102, at *2 (W.D.N.C. 1999)], the Court finds that Plaintiffs have forecast evidence that allows them to withstand summary judgment on the issue of negligence") (internal citation omitted).

Further, Freeman was decided at summary judgment, while this matter is currently before the Court at the pleadings stage and the facts stated in the Amended Complaint must be read in the light most favorable to Plaintiffs.

Finally, because Plaintiffs are appearing *pro se,* the Amended Complaint must be construed liberally. Erickson v. Pardus, 551 U.S. 89, 94 (2007); Haines v. Kerner, 404 U.S. 519, 520 (1972).

### C. Motion for More Definite Statement

#### 1. Legal Standards—Rule 12(e)

Rule 12(e) of the Federal Rules of Civil Procedure authorizes a party to "move for a more definite statement of a pleading to which a responsive

9

pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12. "These motions are 'designed to strike at unintelligibility rather than simple want of detail,'" Noble Mgmt. Grp., Inc. v. Total Care Servs., Inc., No. 8:22-CV-2414-AAQ, 2023 WL 3390904, at *1 (D. Md. May 11, 2023) (quoting Seneca One Fin., Inc. v. Structured Asset Funding, LLC, No. DKC 10–1704, 2010 WL 4449444, at *2 (D. Md. Nov. 4, 2010)), "'are viewed with disfavor, and are rarely granted.'" Id. (quoting Gladney v. Am. W. Home Ins. Co., No. CIV.A. ELH-15-1559, 2015 WL 5009088, at *5 (D. Md. Aug. 20, 2015)).

## 2. Plaintiffs' Allegations

Defendant contends that the Amended Complaint does not specify "how, or by whom, Mrs. Kopplin was struck," which of Mrs. Kopplin's two daughters collided with Mrs. Kopplin, and "when and where Mr. and Mrs. Kopplin were married." Doc. 10 at 9–10.

With respect to Plaintiffs' marriage, as noted above, the Amended Complaint sufficiently alleges that Mrs. and Mr. Kopplin were married at the time of the accident.

With respect to the identification of Mrs. Kopplin's Daughter, Plaintiffs consent to identifying Mrs. Kopplin's Daughter "by her initials because she is a minor," Doc. 16 at 15, and the undersigned finds that amendment of the

pleadings is not necessary for this purpose as Mrs. Kopplin's Daughter can be appropriately identified in the context of discovery.

Finally, with respect to Defendant's argument that the Amended Complaint fails to provide sufficient detail regarding how, and by whom, Mrs. Kopplin was struck, the Amended Complaint is not so vague or ambiguous regarding the alleged cause of Plaintiffs' injuries that Defendant cannot reasonably prepare a response to it.

## IV. Recommendation

For the reasons set out herein, the undersigned **RESPECTFULLY RECOMMENDS** that Defendant's Motion to Dismiss in lieu of Answer and Motion for More Definite Statement (Doc. 9) be **DENIED**.

Signed: August 12, 2025

W. Carleton Metcalf
United States Magistrate Judge

## Time for Objections

The parties are hereby advised that, pursuant to Title 28, United States Code, Section 636, and Federal Rule of Civil Procedure 72(b)(2), written objections to the findings of fact, conclusions of law, and recommendation contained herein must be filed within **fourteen (14)** days of service of same. **Responses to the objections must be filed within fourteen (14) days of service of the objections.** Failure to file objections to this Memorandum and Recommendation with the presiding District Judge will preclude the parties from raising such objections on appeal. See Thomas v. Arn, 474 U.S. 140, 140 (1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984).